| | |
|---|---|
| DIANE KATHERINE SAULEDA, § § Plaintiff, § § v. § § HIRALAXMI ENTERPRISES § INCORPORATED and § SANJAY PATEL § § Defendant. § | Civil Action No.: _____ |

# PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Diane Katherine Sauleda ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendants Hiralaxmi Enterprises Incorporated (hereinafter "Defendant") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and alleges as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendant's refusal to provide accommodations for disabled Plaintiff's motorized scooter and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2202).

## PARTIES

2.      Plaintiff, Diane Katherine Sauleda, is a resident of the State of Florida.

3.      Defendant, Hiralaxmi Enterprises Incorporated, is a Tennessee Corporation with a principal office at 821 Murfreesboro Pike, Nashville, TN 37217-1139 and transacts business in

the State of Tennessee and within this judicial district. It operates the business also located at 821 Murfreesboro Pike, Nashville, TN 37217 commonly known as "Days Inn". As such, Defendant is a resident of the State of Tennessee and is located federally in the Middle District of Tennessee.

4. Defendant Sanjay Patel, upon information and belief, transacts business in the State of Tennessee and within this judicial district. Sanjay Patel is believed to be the owner or a substantial shareholder in Defendant Corporation Hiralaxmi Enterprises Incorporated and is believed to be the operator of the "Days Inn" operated by Hiralaxmi Enterprises Incorporated.

## FACTS

5. Plaintiff is disabled as defined by the ADA. Such disability requires her to traverse in a motorized wheelchair ("scooter").

6. Plaintiff is substantially limited in performing one or more major life activities including, but not limited to, walking and standing. As such, Plaintiff utilizes a motorized wheelchair for mobility purposes.

7. Plaintiff's access to the business located at the street address of 821 Murfreesboro Pike, Nashville, TN 37217 ("Days Inn"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities and will be denied and/or limited in the future unless and until Defendant is compelled to allow access of Plaintiff's motorized scooter into all areas of the hotel, including the lobby and into the room then being rented by Plaintiff.

8. Plaintiff intends to visit the Days Inn within six months, or sooner, to secure lodging in her travels to Nashville, Tennessee. Plaintiff has visited the Days Inn at least once before and intends on visiting again as soon as the property is accessible again.

9. In May of 2018, Plaintiff was a guest at the Days Inn and had a reservation for a room at the property.

10. Plaintiff traveled via 12-hour bus ride from Tallahassee, Florida to Nashville, Tennessee and had arranged for a motorized scooter to be delivered to the hotel for her use and benefit upon her arrival.

11. The company that she had secured said motorized scooter from was All-Star Medical, located 3520A Central Pike, Hermitage, TN 37036.

12. Plaintiff had called the hotel in advance to advise them that a scooter was being delivered for her and was advised that there would be problem with the same.

13. A representative of All-Star, Mr. Josh Story, attempted to deliver Plaintiff's rented scooter, but was denied access to the main lobby for purposes of delivering the scooter.

14. Mr. Story was told that the scooter would not be allowed to be taken into any interior portion of the hotel and that it would have to be left outside.

15. Mr. Story had no effective choice but to take the scooter with him and attempt to re-deliver it later in the day.

16. Upon arrival of Plaintiff, Plaintiff had an in-person discussion with the manager of the Days Inn whereupon she was told again that the scooter would have to remain outside.

17. As a result of the disagreement, the representative of the Days Inn cancelled Plaintiff's reservation at the hotel leaving her with no place to stay and no method to safely and reasonably traverse.

18. Plaintiff was forced to make a reservation at the hotel across the street. This was the Best Western Plus – Sunrise Inn located at 825 Murfreesboro Pike, Nashville, TN 37217.

19. With great difficulty, Plaintiff managed to walk across the street to the Best Western with her luggage.

20. Despite the best efforts of the reservation clerk, Plaintiff's reservations still cost more than her previous reservation at the Days Inn that had been cancelled. Plaintiff's primary income consists of Social Security Disability benefits of approximately $768 per month.

21. Additionally, as a result of this incident, Plaintiff suffered from depression and especially severe anxiety attack.

22. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, et seq.

23. Congress found, among other things, that:
    a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;
    b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;
    c. Discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;
    d. Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules

and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

e. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

24. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a).

25. The Days Inn is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

26. Plaintiff has attempted to and has, to the extent possible, accessed the Days Inn in his capacity as a customer of the Days Inn, but could not fully do so because of her disabilities due to the refusal of Defendant to allow access to Plaintiff's rented motorized scooter, effectively limiting her access to the Days Inn and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

27. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Days Inn, but will be unable to fully do so because of

her disability and the ADA violations that exist at the Days Inn that includes the policy expressed to Plaintiff of not allowing motorized scooters intended to accommodate the disabled into the interior portions of the facility.

28. This policy precludes and/or limits her access to Days Inn and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

29. The lack of access to the interior of the facility of Plaintiff's motorized scooter is not to be considered all-inclusive of all ADA violations that Plaintiff encountered and that which exist at the Days Inn. Plaintiff requires an inspection of the property in order to determine all of the discriminatory actions violating the ADA.

30. Alteration of Defendant's policy against motorized scooters in the interior portions of the Days Inn is readily achievable to bring the Days Inn into compliance with the ADA. The nature of the costs of modifying such policy is relatively low and Defendant has the financial resources to make the necessary modifications.

31. The removal of the policy against scooters in the interior portions of the Days Inn is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

32. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant. Plaintiff expects that if she were to visit the property in the near future that she would experience identical discrimination and violations of the ADA.

33. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

34. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Days Inn to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to alter or abolish their policy against motorized scooters on the interior of their property in order to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiff her reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this the 10th day of May 2019.

/s/ Daniel J. Turklay
Daniel J. Turklay
TBPR #034600
Turklay Law Office, PLLC
Attorney for Plaintiff
2517 Lebanon Pike #306
Nashville, TN 37214
P: 615-838-5903
F: 888-868-0014
Email: daniel@turklaylawoffice.com